16 F.3d 1223
 74 A.F.T.R.2d 94-5456
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas WALLACE, Defendant-Appellant.
 No. 93-3287.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-Appellant Thomas Wallace appeals the sentence imposed in a tax case. He contends that the district court erred in denying him a two-level reduction in offense level under Sec. 3E1.1 of the United States Sentencing Guidelines for acceptance of responsibility. For the reasons discussed below, the court affirms the district court's sentence.
 
 I.
 
 2
 Wallace pleaded guilty to all 29 counts of an indictment charging him with various tax offenses in violation of 26 U.S.C. Secs. 7201, 7202 and 7206(1).[1] He was sentenced on each of counts 1-29 to 18 months imprisonment to run concurrently, followed by a term of supervised release of 3 years on counts 1-27 and 1 year on counts 28-29, all to run concurrently.
 
 
 3
 Section 3E1.1(a) of the United States Sentencing Guidelines provides for a two-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense...." A guilty plea does not automatically entitle a defendant to such a reduction. United States v. Voyles, 995 F.2d 91, 94 (6th Cir.1993), cert. denied, 114 S.Ct. 700 (U.S.1994). Although entry of a plea of guilty and truthfully admitting guilt constitute significant evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. Sec. 3E1.1, comment. (n. 3).
 
 
 4
 To qualify for the reduction, the defendant bears the burden of showing by a preponderance of the evidence that he has accepted responsibility for the crime committed. United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 116 L.Ed.2d 757, 112 S.Ct. 666 (U.S.1991).
 
 
 5
 At the time of his plea, the district court judge asked Wallace what he did that resulted in the charges being filed against him. He responded:
 
 
 6
 We had a mechanical and a towing company and we had some bad advice along the way but I, you know, I understand that it's my responsibility. We misrepresented our mechanics and our towing operators as subcontract labor when we should have considered them as employees.
 
 
 7
 In response to further questioning by the Assistant United States Attorney, Wallace clarified that he knew his classification of his employees was false and was not a function of the advice of anyone.
 
 
 8
 At the sentencing hearing on February 23, 1993, Wallace objected to the failure of the presentence report's guideline calculation to include a two-level reduction for acceptance of responsibility. The district court denied the objection, based primarily upon Wallace's response at the Rule 11 hearing. The court said:
 
 
 9
 Well, I'm troubled by this problem but to me the acceptance of responsibility does not mean that there can be any qualifications of any kind, that is that I had bad advice or, in other words, an acceptance of responsibility has to be an acceptance without excuses and the problem here is that the Defendant doesn't really admit his responsibility, he tries to excuse it and so I'm going to overrule the objections and proceed on the presentence report as it stands.
 
 
 10
 On appeal Wallace contends that the trial court erred when it refused to find acceptance of responsibility. He contends he clearly demonstrated a voluntary, truthful, and timely acceptance of accountability to the 29 counts to which he was charged.
 
 
 11
 Application Note 5 to U.S.S.G. Sec. 3E1.1 recognizes that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. "For this reason, the determination of the sentencing judge is entitled to great deference on review." This standard has been adopted by case law. See, e.g., United States v. Phibbs, 999 F.2d 1053, 1080 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3493 (U.S. Jan. 3, 1994) (No. 93-1093); United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993); United States v. Chambers, 944 F.2d 1253, 1270 (6th Cir.1991), cert. denied, 117 L.Ed.2d 455, 112 S.Ct. 1217 (U.S.1992).
 
 
 12
 The decision to deny a reduction for acceptance of responsibility is accordingly reviewed by this court under a "clearly erroneous" standard.
 
 
 13
 Whether a defendant has accepted responsibility for the criminal conduct is a question of fact, and the district court's assessment of this is accorded great deference and is not to be disturbed unless clearly erroneous.
 
 
 14
 Williams, 940 F.2d at 181. A finding is clearly erroneous when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). To be clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." United States v. Perry, 908 F.2d 56, 58 (6th Cir.) (quoting Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir.1988), cert. denied, 493 U.S. 847 (1989)), cert. denied, 498 U.S. 1002 (1990).
 
 
 15
 Wallace cites United States v. Bradley, 917 F.2d 601, 606 (1st Cir.1990), for the proposition that acceptance of responsibility "necessitates candor and authentic remorse--not merely a pat recital of the vocabulary of contrition." He claims the sentencing judge improperly penalized him for his truth and candor at the time of the plea.
 
 
 16
 Whether Wallace's statement as to "bad advice" is evidence of his complete candor or an attempt to minimize his culpability is precisely the kind of factual determination of the sentencing court that is entitled to great deference. The sentencing court's determination that Wallace's admission of guilt was qualified by an attempt to excuse his conduct is supported by the record and by plausible inferences. Upon review of the entire record, this Court cannot say that the district court's determination that Wallace failed to meet his burden of clearly demonstrating acceptance of responsibility was clearly erroneous.
 
 III.
 
 17
 For the reasons stated the sentence imposed by the district court is affirmed.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Wallace pleaded guilty to 12 counts of failure to collect, account for and pay employment taxes in violation of 26 U.S.C. Sec. 7202; 12 counts of evasion of the employer portion of FICA taxes in violation of 26 U.S.C. Sec. 7201; 3 counts of evasion of FUTA taxes in violation of 26 U.S.C. Sec. 7201,; and 2 counts of filing false tax returns in violation of 26 U.S.C. Sec. 7206(1)