**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RONALD E. TIMLEY, JR.,

      Defendant - Appellant.

No. 98-3226

(D. Kansas)

(D.C. No. 96-CR-40079-1)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **McWILLIAMS** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Ronald E. Timley, Jr. appeals the district court's denial of his motion to withdraw his guilty plea.  Alternatively, he challenges his sentence on three

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

grounds. He contends first that the district court erred by sentencing him pursuant to USSG § 2D1.2(a)(1) relating to the offense of selling drugs within 1000 feet of a school in violation of 21 U.S.C. § 860, when his agreement with the government was limited to a plea of guilty to the charge of possession of drugs with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), for which USSG § 2D1.1(a)(3) prescribes the offense level. In particular, Timley contends that he did not stipulate with the government to facts—selling within 1000 feet of a school—establishing a more serious offense (§ 860) than the offense of conviction under 21 U.S.C. § 841. Second, and alternatively, Timley argues that if he was correctly sentenced under USSG § 2D1.2 for possession with intent to distribute drugs near a school, then the district court erred by adding a two-level enhancement for possessing a weapon since, allegedly, that enhancement is allowed only for sentences calculated under § 2D1.1. Finally, Timley contends that the district court erred by imposing a ten-year period of supervised release since the maximum period provided by statute is five years. See 18 U.S.C. § 3583(b)(1).

We hold that the district court did not abuse its discretion by refusing to allow Timley to withdraw his guilty plea. As to the sentencing issues we hold as follows: (1) the record does not support the district court's conclusion that Timley and the government stipulated or agreed between themselves as to the

-2-

facts relating to the school, thus the court erred by sentencing Timley pursuant to USSG § 2D1.2; (2) the weapons enhancement issue, therefore, is moot; and (3) the district court erred by imposing a ten-year period of supervised release—as the government concedes. Accordingly, we affirm the district court's denial of Timley's motion to withdraw his guilty plea, but we remand the case to the district court with instructions to resentence Timley.

## BACKGROUND

On April 1, 1996, Topeka police officers observed Timley seated in an automobile outside an apartment. Timley exited the car and walked rapidly to the corner of the building, then began running, withdrawing what was later discovered to be bags of marijuana from his pocket. He subsequently entered an apartment in which Julian C. Brown (Timley's co-defendant) was present, tossed away 19.99 grams of marijuana, and was ultimately arrested.

A search of the automobile yielded a Ruger .357 revolver, an AMT brand .30 caliber semi-automatic pistol, ammunition, a key to the apartment, 1.4 grams of rock cocaine, and a partially smoked cigar containing marijuana. A search of the apartment yielded 57.63 grams of rock cocaine.

On November 20, 1996, Timley and Julian C. Brown were named in a seven-count indictment. Timley was charged with possession with the intent to distribute approximately 1.8 grams of cocaine base on March 9, 1995, in violation of 21 U.S.C. § 841 (count one); possession with the intent to distribute marijuana on April 1, 1996, in violation of 21 U.S.C. § 841 (count two); possession with the intent to distribute in excess of 50 grams of cocaine base on April 1, 1996, in violation of 21 U.S.C. § 841 (count three); carrying a firearm on April 1, 1996, in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (counts four and five); and possession of a firearm by a convicted felon on April 1, 1996, in violation of 18 U.S.C. § 922(g) (count six).

A jury trial began on June 23, 1997. On June 26, 1997, during the course of the trial, Timley entered into a written plea agreement. In a plea proceeding held that same day, Timley entered a plea of guilty to Count Three of the Indictment, which reads as follows:

<u>COUNT 3</u>

That on or about April 1, 1996, in the District of Kansas, the defendants, RONALD E. TIMLEY, JR., and JULIAN C. BROWN, did knowingly and intentionally possess, with the intent to distribute, within 1,000 feet of a public school, that is Robinson Middle School, 1125 W. 14th, Topeka, Kansas, in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

R. Vol. I, Tab 1 at 2. The government accordingly agreed to drop the other charges against Timley.

The presentence investigation report (PSR) stated that "[t]he United States Sentencing Commission Guideline for violation of 21 U.S.C. §§ [sic] 841(a)(1) is found in U.S.S.G. §§ 2D1.2(a)(1) and 2D1.1(a)(3)," and recommended a base offense level of 34: 32 points under § 2D1.1(a)(3) and a 2-level increase under § 2D1.2(a)(1). R. Vol. IV at 8-9. To that the PSR added two levels for weapons and subtracted three levels for acceptance of responsibility, resulting in a total offense level of 33. Timley filed objections to the PSR, including an argument that § 2D1.1 was the correct offense guideline, not § 2D1.2, because § 2D1.2 relates to the offense of selling drugs within 1000 feet of a school in violation of 21 U.S.C. § 860, and he was charged with and only agreed to plead guilty to violating 21 U.S.C. § 841—possession with intent to distribute.

On February 11, 1998, Timley moved to withdraw his guilty plea, arguing, inter alia, that he had incorrectly believed he had preserved suppression issues for appeal. The court denied this motion.

On July 16, 1998, Timley was sentenced to 186 months' imprisonment and 10 years supervised release. The court, which overruled Timley's objections and followed the recommendation contained in the PSR, based this sentence on a total offense level of 33 and criminal history category V. The court chose 210 months'

imprisonment, the low end of the guideline range, and subtracted 24 months for substantial assistance. Timley filed a motion for reconsideration of his sentence, which the court also denied.

## DISCUSSION

### A. Motion to Withdraw Plea

Timley contends that the district court erred in denying his motion to withdraw his guilty plea to Count 3 of the indictment, because his plea was not knowing and voluntary. He claims that "rightly or wrongly he subjectively believed [that] the suppression of the evidence seized on April 1, 1996 [the date of the acts alleged in Count 3] could be addressed on appeal." Appellant's Br. at 26.

At the plea proceeding in this case, conducted on June 16, 1997, Timley orally conditioned his guilty plea on "preserv[ing] the right to possibly appeal the suppression issues that occurred in this case prior to the trial date." R. Vol. VI at 16. The court stated, "[a]ll right, we can make that note on the record. But you are entering a plea of guilty. Is that correct?" Id. Timley responded, "Yes, Your Honor." Id. It is unclear from the record what Timley believed he was preserving. Timley's counsel had filed a motion to suppress evidence relating to Count 1, but never filed a motion with regard to Count 3 because he believed that

Timley did not have standing to challenge the evidence supporting that count. Timley's co-defendant, Julian Brown, did file a challenge to that evidence, which was denied.

We review the district court's denial of a motion to withdraw a guilty plea only for abuse of discretion. See United States v. Killingsworth, 117 F.3d 1159, 1161 (10th Cir. 1997). Fed. R. Crim. P. 32(e) governs the withdrawal of pleas, and provides in relevant part that before sentencing, "the court may permit [a guilty] plea to be withdrawn if the defendant shows any fair and just reason." In deciding whether a defendant has met this burden, we consider seven factors, which were correctly cited by the district court: (1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) the defendant's delay in filing his motion; (4) inconvenience to the court; (5) the defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources. See United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996) (citing United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993)).

The district court decided that in this case, all but the first factor weighed against Timley's motion. As to that factor, the court concluded that Timley did assert his innocence, cutting in favor of Timley's motion. On appeal Timley argues only that the sixth factor, voluntariness, was incorrectly decided by the district court and that this error requires reversal.

Even if we were to accept Timley's representations regarding his subjective beliefs and their claimed impact on the issue of voluntariness, and even if we agreed with the district court that Timley has asserted his innocence, these factors together would not be enough for us to conclude that the district court abused its discretion. [1]  Rule 32(e) is by its very terms discretionary.    Gordon recognizes this fact and incorporates a balancing test.    See, e.g. , Carr, 80 F.3d at 420-21;   Gordon , 4 F.3d at 1572-73.  Timley's protestations of innocence and his asserted erroneous beliefs regarding his appeal cannot outweigh the other five     Gordon factors.  In particular we emphasize Timley's lengthy delay in filing his motion, coupled with the crucial fact that by the time the motion was filed, Timley's co-defendant had already been sentenced and no longer had any incentive to comply with his own plea agreement by testifying against Timley.  We therefore uphold the district court's decision to deny the motion.

---

[1] Timley makes no constitutional argument regarding the voluntariness of his plea; he argues only that the district court abused its discretion under Rule 32(e) by not allowing him to withdraw his plea.

-8-

## B. Choice of Offense Guideline

Timley argues that he should have been sentenced under USSG § 2D1.1, [2] which is the general offense guideline covering drug crimes and which is the offense guideline applied to violations of § 841(a)(1). [3] Instead, Timley was sentenced under USSG § 2D1.2, [4] which imposes a stricter penalty for, inter alia, drug offenses occurring near schools, and which is the offense guideline applied for violations of 21 U.S.C. § 860. [5] The only elemental difference between a

---

[2] For § 841(a)(1) convictions, the relevant portions of § 2D1.1 set the base offense level according to a Drug Quantity Table, and add 2 levels for, inter alia, possession of a firearm. See USSG § 2D1.1(a)(3) & (b)(1).

[3] Section 841(a)(1) provides in relevant part that "it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance."

[4] The portion of § 2D1.2 relied on by the district court sets a base offense level of "2 plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location or an underage or pregnant individual." USSG § 2D1.2(a)(1).

[5] Section 860 provides in relevant part:

Any person who violates section 841(a)(1) . . . of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university . . . is [for a first violation of § 860] subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed . . . .

-9-

§ 841(a)(1) violation and a § 860 violation is that the latter must occur near a protected area, e.g., within 1000 feet of a school.    See 21 U.S.C. § 860(a).  We have repeatedly held that § 860 is a separate substantive offense.    See, e.g. , United States v. Smith  , 13 F.3d 380, 382 (10th Cir. 1993).

This case presents a unique set of facts, not likely to be repeated, and characterized mostly by ambiguity.  Clearly, Timley was not charged with, and did not plead guilty to, possession with intent to distribute drugs near a school. Count 3 charges   only a violation of § 841, and the plea agreement     expressly  limits the plea to a § 841 offense.

The government now states that it made a mistake in drafting Count 3 of the indictment, charging a violation of § 841 instead of § 860, despite alleging that Timley's offense occurred within 1000 feet of a school.    See Appellee's Br. at 7.  However, whether mistaken or not, the government has consistently taken the position that Timley was only charged with and pleaded guilty to a violation of § 841(a)(1), not § 860.  Thus, as indicated above, when drafting the plea agreement the government stated Timley's obligation thus:

> Defendant Timley will admit his guilt and enter a plea of guilty to Count 3 of the Indictment [in this case].  Count 3 charges a violation of Title 21, United States Code, Section 841(a)(1).

R. Vol. I, Tab 59, Plea Agreement at 1 ¶ 1.  And, at the plea hearing when the court asked government counsel what the government would prove "if we went to

-10-

trial in this case," counsel recited the facts with no reference to a school or any similar element required under § 860. R. Vol. VI at 14-16. The proffer listed only facts necessary to a conviction for possession with intent to distribute, in violation of § 841(a)(1). See id.

Failing to find any basis in the offense of conviction for the district court's decision to sentence Timley under the guideline for a § 860 offense, i.e., § 2D1.2, the government mounts two arguments in favor of the court's decision: (1) At the plea hearing Timley agreed to facts establishing the more serious § 860 offense, thus permitting the application of a more punitive offense guideline; and (2) even if there was no stipulation, the court can choose a more punitive offense guideline by taking relevant conduct into account, in order to enhance Timley's sentence. We examine those arguments in turn.

**1.**

As to the government's first argument, the choice of offense guideline is governed by USSG § 1B1.2(a), which provides as follows:

> Determine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction ( i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted). Provided , however, in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense

-11-

guideline section in Chapter Two most applicable to the stipulated offense.

(Third and fourth emphases added.)  The commentary to § 1B1.2 explains the

stipulation/agreement proviso where plea agreements are concerned as follows:

> Where a stipulation that is set forth <u>in a written plea agreement</u> or <u>made between the parties on the record</u> during a plea proceeding specifically establishes facts that prove a more serious offense or offenses than the offense or offenses of conviction, the court is to apply the guideline most applicable to the more serious offense or offenses established.

USSG § 1B1.2, comment. (n.1) (emphasis added).

As the government states, "[o]ur position is that the trial court found the

defendant was convicted of section 841(a)(1), but had admitted and stipulated to

conduct which allowed the imposition of U.S.S.G. § 2D1.2."  Appellee's Br. at 7-

8.  The government does not argue that Timley's written plea agreement contains

such a stipulation, and the district court did not rely on the written agreement in

applying § 2D1.2.   Both the government and the court have relied solely on the

record of the plea proceedings to find a § 1B1.2 stipulation.  The court found that

Timley had " <u>in essence</u> stipulated" to the school's proximity, concluding "it is

obvious from the record that at the time of the plea proceeding the parties agreed

that defendant possessed crack cocaine with intent to distribute within 1000 feet

of a public school." [6]  R. Vol. I, Tab 138 at 2, 3 (emphasis added).       What

happened on the record at the plea proceeding is necessarily undisputed; it is the

legal effect of those facts that is at issue here, and therefore our review is de

novo.  See Supre v. Ricketts  , 792 F.2d 958, 961 (10th Cir. 1986).

We cannot conclude that Timley's admissions at the plea hearing regarding

the school's proximity were part of an agreement "made between the parties."      [7]

---

[6]Despite labeling Timley's acknowledgments as stipulations, the court appears (at least at times) not to have treated them as part of a binding agreement. For example, at sentencing, although the court had already found that Timley had "stipulated" to the school's proximity, the court allowed the government to present testimony as to the location of the school in relation to the offense, and allowed the defense to cross-examine.    See R. Vol. V at 7-8, 14-17, 20-21.

[7]Section 1B1.2 was recently amended to clarify this requirement, resolving a circuit split.  Its proviso previously applied "in the case of conviction by a plea of guilty or  nolo contendere  containing a stipulation," and now requires "a plea agreement (written or made orally on the record) containing a stipulation."          See USSG Appendix C, Amends. 434, 438.  Even prior to the clarifying amendment of § 1B1.2(a), we stated that

> application of the proviso turns on whether there was a       knowing agreement  by the defendant,  as part of a plea bargain   , that facts supporting a more serious offense occurred and could be presented to the court  for application of guidelines relating to the more serious offense .

United States v. Gardner   , 940 F.2d 587, 591 (10th Cir. 1991) (emphasis added). We have explained that "once the Government agrees to a plea bargain without extracting such an admission, facts admitted by the defendant" are considered only as relevant conduct in determining the appropriate guideline range, pursuant to USSG § 1B1.2(b) and § 1B1.3(a).    United States v. Rutter   , 897 F.2d 1558, 1561 (10th Cir. 1990).  For other cases taking a similar view prior to amendment, see, e.g., United States v. McCall   , 915 F.2d 811, 816 n.4. (2d Cir. 1990);      United

(continued...)

Rather, the parties treated the written agreement as encompassing their entire agreement. Timley's attorney was the first to summarize the agreement, and he did not mention the school. See R. Vol. VI at 2-3. The court also inquired of the prosecutor concerning the written agreement, asking, "would you like to tell me, from the government's standpoint, again, about this plea agreement?" Id. at 5. The prosecutor explained the agreement in detail but, like defense counsel, made no mention of the school. The court asked defense counsel if he agreed with this recitation, and he responded that he did. The court then inquired of Timley, referring to the written agreement:

THE COURT: [A]s far as you understand, this represents, in its entirety, any understanding you have with the government. Is that right?

MR. TIMLEY: Can you explain that?

THE COURT: Is that all your agreement with the government? Does that contain everything that you agreed to in your discussion?

MR. TIMLEY: Yes, sir.

THE COURT: And that the government has agreed to?

MR. TIMLEY: Yes, sir.

Id. at 7.

---

[7](...continued)
States v. Warters, 885 F.2d 1266, 1273 n.5 (5th Cir. 1989).

Only after the parties' agreement had been presented to the court did the court, by perpetuating the mistake in the indictment, elicit admissions from Timley that his offense occurred within 1000 feet of a school. When the court recited the facts that the government would have to prove should Timley proceed to trial, the court (erroneously) told him that one essential element of a § 841(a)(1) violation would be proximity to a school. Timley stated that he understood this, implying that he believed the government could prove that fact, but not outright admitting it. Id. at 13. The court later asked Timley, "did you do what the government said you did here in Count 3?" Timley responded, "Yes, I did, Your Honor." Id. at 13-14. At the end of the proceeding and after entering his plea, he submitted and swore to the accuracy of a "Petition to Enter Plea of Guilty," on a form filled out by his attorney and signed by him, containing an admission regarding the school's location. See R. Vol. I, Tab 59; R. Vol. VI at 17-18. There is no indication that any of these admissions were part of an agreement between the parties, as required by § 1B1.2(a). [8]

_____

[8]We respectfully disagree with United States v. Loos, 165 F.3d 504, 506-08 (7th Cir. 1998), where the court held that § 1B1.2(a)'s proviso is applicable when a court can find "any step that reflects the defendants' acknowledgment of their conduct." 165 F.3d at 507. The court reasoned that the proviso "is a grant of authority to the court" that does not require defendants' consent. Id. Yet § 1B1.2(a) by its very terms requires "a plea agreement . . . containing a stipulation." Such a stipulation of course requires a defendant's consent (or there would be no agreement).

**2.**

The government's second argument is based on the minority view in a circuit split. The government argues that the location of the drug offense near a school is "relevant" or "actual" conduct which allows a jump from § 2D1.1 to § 2D1.2 for calculation of Timley's base offense level, even without a formal stipulation as to the proximity of the school. The government cites United States v. Oppedahl, 998 F.2d 584 (8th Cir. 1993), and United States v. Clay, 117 F.3d 317 (6th Cir.), cert. denied, 118 S. Ct. 395 (1997). Other circuits have held, to the contrary, that "the concept of relevant conduct does not come into play until the correct offense guideline has been selected." United States v. Saavedra, 148 F.3d 1311, 1316 (11th Cir. 1998); see also United States v. Chandler, 125 F.3d 892, 897-98 (5th Cir. 1997); United States v. Locklear, 24 F.3d 641, 647-49 (4th Cir. 1994); United States v. Elefant, 999 F.2d 674, 676-77 (2d Cir. 1993).

Significantly, the district court did not decide or even discuss this ground and thus the issue is not properly before us on appeal. See R. Vol. I, Tab 136 at 4; id., Tab 138 at 2-4. To the extent that the government argues that we can affirm the district court's decision on any ground supported by the record, we note again that our cases emphasize the distinction between a plea agreement coupled with a § 1B1.2(a) stipulation, which affects the sentencing court's choice of offense guideline, and a plea agreement coupled with mere admissions, which

admissions are considered only in determining the appropriate guideline range.

See, e.g. , United States v. Rutter , 897 F.2d 1558, 1560-61 (10th Cir. 1990).

We therefore conclude that Timley should have been sentenced under § 2D1.1, [9] not § 2D1.2, [10] and we remand for resentencing. [11]

## C. Supervised Release

Timley argues, and the government concedes, that Timley's sentence of 10 years' supervised release is in excess of the five-year statutory maximum for violations of § 841(a)(1), a Class A felony. See 18 U.S.C. § 3583(b)(1). Apparently the government misinformed the court at sentencing and Timley did not object. See Appellee's Br. at 14. We accept the government's concession; on

---

[9]We again emphasize that although Timley's admissions do not support sentencing under § 2D1.2, our decision does not prevent the district court from considering this information if it is otherwise relevant to sentencing issues. See United States v. Big Medicine, 73 F.3d 994, 997 (10th Cir. 1995).

[10]Because we hold that § 2D1.2 does not apply here, we do not reach Timley's argument that the district court misapplied § 2D1.2.

[11]We note that this may or may not result in a benefit to Timley. His criminal history category was previously set at V and his offense level was 33 (taking into account the erroneous addition of 2 levels under § 2D1.2(a)), for a range of 210-262 months. The district court previously sentenced Timley to the low end, 210 months, minus 24 months for substantial assistance (for a total of 186 months). If Timley is resentenced at offense level 31, the guideline range will be 168-210 months. It would be within the district court's discretion to impose the same sentence under offense level 31—this time at the top of the range. In any event, these are matters for the district court to decide.

remand, the district court is instructed to vacate Timley's term of supervised release and to impose an appropriate term.

Accordingly, we AFFIRM the denial of Timley's motion to withdraw his guilty plea, but we REMAND the case to the district court for resentencing in accordance with this opinion.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge