**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Earl CLAY, Defendant–Appellant.**

No. 01–6035.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

*ORDER*

Ronald Earl Clay, a pro se federal prisoner, appeals a district court order denying his motion to modify his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 28, 1995, Clay pleaded guilty to aiding and abetting possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a), (b). In exchange for the plea, the district court dismissed several other counts. Clay's Guidelines range of imprisonment was then determined to be 188 to 235 months, based on a criminal history category of V and a total offense level of 32, which included enhancements under USSG § 2D1.2(a)(1) for involvement of a juvenile in a drug offense and under USSG § 3B1.1(c) for leadership role. Noting that it was constrained by the Guidelines from imposing the statutory maximum sentence of life imprisonment, the court, on December 22, 1995, sen-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

tenced Clay at the upper end of the Guidelines range to 235 months in prison. This court affirmed his conviction and sentence in *United States v. Clay,* 117 F.3d 317 (6th Cir.1997).

In his instant motion, Clay argues that his sentence should be reduced pursuant to Sentencing Guidelines Amendment 591, which amended USSG § 2D1.2. The district court denied the motion, reasoning that, had Amendment 591 been in effect at the time of Clay's sentencing in 1995, the court would have enhanced Clay's offense level under USSG § 3B1.4, instead of § 2D1.2, and would have imposed the same sentence. Clay has filed a timely appeal.

This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir. 1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir.1995). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Id.*

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). In determining whether a reduction is warranted, the court should "consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced...." USSG § 1B1.10(b). Amendments to the Guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under 18 U.S.C. § 3582(c) are listed at USSG § 1B1.10(c).

Amendment 591, which became effective on November 1, 2000, is given retroactive effect under USSG § 1B1.10, and thus a defendant may seek relief under 18 U.S.C. § 3582(c)(2) pursuant to that amendment. According to the amendment, the enhanced penalties of USSG § 2D1.2 do not apply where, although the defendant engaged in conduct described in § 2D1.2, the defendant was not in fact convicted of an offense referenced to § 2D1.2. Section 2D1.2(a)(1) provides for a two-level enhancement when a drug offense involves "a protected location or an underage individual or pregnant individual."

Upon review, we conclude that the district court abused its discretion by denying the motion to modify. Although Clay used a juvenile to facilitate his drug offenses and was indicted under 21 U.S.C. § 861(a)(1) for doing so, he was not convicted of that offense. Thus, the enhanced penalties of USSG § 2D1.2 do not apply to him. Furthermore, the district court could not have instead applied USSG § 3B1.4 at the time of sentencing. Section 3B1.4, which provides for a two-level enhancement for using a juvenile to commit any type of offense, did not take effect until November 1, 1995. While this section was in effect at the time of Clay's sentencing in December 1995, it was not in effect on the date of his crime, March 9, 1995. In general, a district court must apply the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553; USSG § 1B1.11(a). But when the Guidelines in effect at the time of sentencing provide for a higher range than those in effect at the time the crime was commit-

ted, the court must apply the older version of the Guidelines to avoid an ex post facto problem. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); *United States v. Milton*, 27 F.3d 203, 210 (6th Cir.1994); USSG § 1B1.11(b)(1). Without a two-level enhancement pursuant to USSG § 3B1.4, Clay's total offense level would have been 30 and the resulting range of imprisonment would have been 151 to 188 months. Thus, USSG § 3B1.4 cannot be applied without running afoul of the Ex Post Facto Clause.

Accordingly, the district court's judgment is vacated and the action remanded for further proceedings not inconsistent with this order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.