**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antony R. GRANDBERRY and
Randall E. Cobb, Defendants–
Appellants.**

**No. 00–6065, 00–6192.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before MARTIN, Chief Circuit Judge; SILER and CLAY, Circuit Judges.

PER CURIAM.

Defendants Antony R. Grandberry and Randall E. Cobb pled guilty to aiding and abetting each other in the possession with intent to distribute and distribution of cocaine base. Defendants appeal the application of USSG § 2D1.2 in determining their offense levels based on the district court's finding that defendants distributed drugs within 1,000 feet of a school. In addition, Grandberry appeals the admission of the testimony of a witness at the sentencing hearing in violation of the rule of sequestration. We AFFIRM.

## BACKGROUND

Defendants Grandberry and Cobb pled guilty to aiding and abetting each other in the possession with intent to distribute and distribution of 20.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At defendants' sentencing hearings, the district court made the factual finding that defendants distributed drugs within 1,000 feet of a school. Based on that finding, it increased each defendant's offense level by two levels pursuant to USSG § 2D1.2. It sentenced Grandberry to 108 months and Cobb to 96 months.

## DISCUSSION

1. § 2D1.2 Increase

USSG § 2D1.2 authorizes a two-level increase of the offense level "applicable to the quantity of controlled substances directly involving a protected location." Under 21 U.S.C. § 860(a), within 1,000 feet of a school is a "protected location." Neither defendant challenges the district court's factual finding that the drug transaction took place within 1,000 feet of a school, but

both raise various arguments against the application of § 2D1.2. The district court's legal conclusions regarding the application of the sentencing guidelines are reviewed de novo. *United States v. Hamilton*, 263 F.3d 645, 651 (6th Cir.2001).

■ Defendants assert that the district court's application of § 2D1.2 to determine their base offense levels required that they be charged and convicted under 21 U.S.C. § 860, an argument we rejected in *United States v. Clay*, 117 F.3d 317 (6th Cir.1997). In *Clay*, we observed that the commentary to § 2D1.2 lists 21 U.S.C. §§ 859, 860, and 861 as the applicable statutory provisions but does not expressly limit its application to convictions under those statutes. *Id.* at 319. In determining the offense guideline most applicable to the offense of conviction, it is " 'appropriate that the court consider the actual conduct of the offender, even when such conduct does not constitute an element of the offense.' " *Id.* (quoting USSG § 1B1.2 comment. (n.3)). "Thus, while § 2D1.2 certainly applies to offenses like those described in 21 U.S.C. §§ 859, 860, 861, where the involvement of minors or proximity to their schools is an element of the offense, it also applies in cases involving conviction for other offenses (including convictions under 21 U.S.C. § 841), if the conduct of the offender brings him within the scope of § 2D1.2." *Id.* Therefore, under the law of this circuit, the application of § 2D1.2 does not require indictment and conviction under 21 U.S.C. § 860.[1]

■ According to defendants, the Supreme Court's recent decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), require that the fact that the drug transaction occurred with 1,000 feet of a school must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. These cases established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Accordingly, defendants' sentences are invalid under *Apprendi* only if the district court's factual finding that defendants distributed drugs within 1,000 feet of a school resulted in their receiving sentences in excess of the maximum statutory penalty for the crime to which they pled guilty.

Defendants pled guilty to aiding and abetting each other in the possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[2] The type and quantity of drugs triggered the statutory mandatory sentencing provisions set forth in 21 U.S.C. § 841(b)(1)(B), specifically, not less than five years and not more than forty years. After applying § 2D1.2 to determine the offense level, the district court sentenced Grandberry to 108 months and Cobb to 96 months. Neither defen-

---

1. Effective November 1, 2000, the commentary to USSG § 2D1.2 was amended to state that "[t]his guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location ... or in a case in which the defendant stipulated to such a statutory violation." USSG § 2D1.2 comment. (n. 1) (2001). Defendants may seek the benefit of this amend-

ment through the procedure set forth in 18 U.S.C. § 3582(c)(2).

2. In his plea agreement, Grandberry stipulated to at least 20.1 grams of cocaine base. Cobb's plea agreement stipulated to 21.6 grams of cocaine base and 7.8 grams of cocaine.

dant's sentence exceeds the statutory maximum of forty years.[3] Thus, the fact supporting the application of § 2D1.2—that the drug transaction took place within 1,000 feet of a school—was not required to be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt.

Finally, Grandberry contends that he did not know that a school was less than 1,000 feet away from the transaction and that determining the distance between the location of the drug deal and the school would require "complex mathematical calculations." Whether defendant knew that his drug transaction occurred within 1,000 feet of a protected location is immaterial. *See United States v. Cross,* 900 F.2d 66, 69 (6th Cir.1990) (holding that 21 U.S.C. § 845a, the precursor to § 860(a), does not require *mens rea* ).

2. Sequestration Violation

■ Grandberry asserts that the district court abused its discretion in allowing Officer Ken Jones to testify at his sentencing hearing when he had been present in the courtroom during Lieutenant Rick Kelly's testimony in violation of the rule of sequestration. The district court's decision to allow a witness who violated the rule of sequestration to testify is reviewed for abuse of discretion. *United States v. Gibson,* 675 F.2d 825, 835 (6th Cir.1982).

At Grandberry's sentencing hearing, the government invoked the rule of sequestration prior to calling its first witness. The government then called Kelly to testify about his measurements and calculations relating to the distance between 316 North Home Street, the house outside of which the drug transaction took place, and Central Elementary School, a school around

the block. On cross examination, Kelly admitted that he was not present when the drug transaction took place and that the transaction could have occurred "anywhere up and down Home Street." After Kelly testified, the government called Jones, who purchased the drugs from defendants. Jones had entered the courtroom for another case during Kelly's testimony. Grandberry's counsel objected to Jones's violation of the rule of sequestration. The district court stated:

> Well, there was potentially a violation of the Rule. The purpose of the Rule is to keep one witness from hearing the testimony of another witness so that he won't change his testimony to meet that of the other. However, it appears to be an innocent violation of the Rule. There was no intent to prep Mr. Jones, who apparently came in unbeknownst to Mr. Pham [the Assistant United States Attorney]. So, I'll overrule the objection and let Mr. Jones testify.

Jones then testified that the deal occurred in the driveway adjacent to 316 North Home Street.

The purpose of the rule of sequestration is "to preclude coaching or the influencing of a witness' testimony by another witness." *United States v. Rugiero,* 20 F.3d 1387, 1392 (6th Cir.1994). Violation of the rule does not automatically bar the testimony of a witness; rather, the court has broad discretion to exclude the testimony under particular circumstances. *Gibson,* 675 F.2d at 835–36.

At oral argument, Grandberry's counsel conceded that the rule of sequestration was not violated purposefully. Because the circumstances indicate that Officer Jones did not violate the rule with the

---

**3.** The statutory mandatory minimum penalty is not implicated because the sentencing range for both defendants exceeds five years.

"consent, connivance, procurement or knowledge" of the government, *id.* at 836, the district court did not abuse its discretion in allowing him to testify.

AFFIRMED.