**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter D. CASON, Defendant– Appellant.**

**No. 01–1962.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2002.

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District Judge.[*]

### ORDER

Walter D. Cason, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

[*] The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

In 1999, Cason was charged with various drug offenses, but failed to appear for trial. In April 2000, a superseding indictment was issued charging Cason with failure to appear. In August 2000, a second superseding indictment was issued to specifically allege a drug amount. In October 2000, Cason pleaded guilty to conspiring to distribute heroin, in violation of 21 U.S.C. § 846. In the written plea agreement, the parties agreed that Cason was entitled to a three-level reduction for acceptance of responsibility, and the government agreed to a 220–month cap on Cason's sentence. However, the plea agreement noted that the court would have the final determination as to the applicable guidelines.

During the sentencing hearing, Cason objected to an obstruction of justice enhancement, he objected to the denial of an additional one-point reduction for acceptance of responsibility, and he objected to the use of a prior conviction in the determination of his Criminal History Category score. The district court overruled the objections, granted the government's motion to depart from the applicable guidelines range, and sentenced Cason to 220 months of imprisonment.

Cason has filed a timely appeal, arguing that: 1) the district court improperly enhanced his offense level for obstruction of justice; 2) the district court improperly denied him an additional one-point reduction for acceptance of responsibility; and 3) the district court improperly used a prior drug conviction.

The district court properly enhanced Cason's offense level for obstruction of justice. This court reviews de novo a district court's legal conclusions regard-

ing the application of the sentencing guidelines; whereas, the district court's findings of fact are accepted unless they are clearly erroneous. *United States v. Clay,* 117 F.3d 317, 320 (6th Cir.1997). Section 3C1.1 of the sentencing guidelines provides, in relevant part, that: if (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels. Application Note 4(e) of USSG § 3C1.1 establishes that escaping from custody before trial or sentencing is an example of conduct to which the obstruction of justice enhancement applies. Here, it is undisputed that Cason failed to appear for trial for the current offense. Thus, he was properly subject to an enhancement for obstruction of justice. Moreover, while Cason correctly argues that the parties stipulated that such an enhancement would not apply in this case, the plea agreement specifically informed Cason that the final decision concerning the application of the sentencing guidelines would be left to the district court.

The district court also properly denied Cason's request for an additional one-point reduction for acceptance of responsibility. This court reviews for clear error a district court's finding that a defendant is not entitled to a sentence reduction for acceptance of responsibility. *United States v. Smith,* 245 F.3d 538, 546 (6th Cir.2001). However, the standard of review is de novo where the only issue presented is the propriety of the application of the reduction to uncontested facts. *Id.* A defendant is entitled to an additional one-level decrease for acceptance of responsibility if: 1) he qualifies for the two-level decrease; 2) prior to that decrease his offense level is 16 or greater; and 3) he assisted authorities in the investigation or prosecution of his own misconduct by either timely providing complete information to the government concerning his own involvement in the offense or timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. *United States v. Jeter,* 191 F.3d 637, 639 (6th Cir.1999). The defendant bears the burden of demonstrating that a downward adjustment pursuant to § 3E1.1 is warranted. *United States v. Walker,* 182 F.3d 485, 487 (6th Cir.1999).

■ The parties do not dispute that Cason met the first two of the above criteria. However, Cason did not meet the third criterion because he did not timely notify the prosecution of his intent to plead guilty. Cason did not enter his guilty plea until after his trial date. Hence, Cason did not act in such a way as to permit the government to avoid preparing for trial or to permit the court to allocate its resources efficiently. Moreover, as stated above, the plea agreement clearly informed Cason that the district court would make the final determination concerning the applicable guidelines. Hence, he is not entitled to an additional one-level decrease for acceptance of responsibility.

■ Finally, the district court properly declined to permit Cason to collaterally challenge his prior drug conviction. A defendant in a federal sentencing proceeding has no right to collaterally attack a prior conviction, unless the conviction was obtained in complete violation of the Sixth Amendment right to appointed counsel. *See Custis v. United States,* 511 U.S. 485, 495–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Bureau,* 52 F.3d

584, 593–94 (6th Cir.1995); *United States v. Bonds*, 48 F.3d 184, 186–87 (6th Cir. 1995). Because Cason was represented by counsel during the 1980 conviction, he may not at this time challenge the drug conviction.

Accordingly, we affirm the district court's judgment.