**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Theodore Charles GREENE,**
**Defendant–Appellant.**

No. 95–5038.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 18, 1995.

Decided Dec. 11, 1995.

Dan L. Newsom, Asst. U.S. Atty. (argued and briefed), Memphis, TN, for plaintiff-appellee.

Joseph T. Townsend (argued and briefed), Office of Federal Public Defender, Memphis, TN, for defendant-appellant.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; FORESTER, District Judge.*

FORESTER, District Judge.

The defendant, Theodore Charles Greene, appeals the district court's judgment sentencing him to imprisonment for 27 months after pleading guilty to ten counts of mail fraud and possession and use of false and forged documents.  On appeal, Greene argues that the district court erred in calculating his sentence.  We affirm in part, reverse in part, and remand for resentencing in conformity with this opinion.

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I

On January 25, 1994, a federal grand jury returned a ten-count indictment against Greene, charging him with mail fraud, in violation of 18 U.S.C. § 1341, and possession and use of false and forged documents, in violation of 18 U.S.C. § 1028 and 42 U.S.C. § 408. The charges stemmed from Greene's practice of assuming false identities and using phony credentials to obtain jobs in the health care field. Greene pled guilty to all ten counts on September 6, 1994.

The district court held a sentencing hearing on December 2, 1994. At this hearing, the district court rejected Greene's request for a reduction for acceptance of responsibility. The district court held that the reduction was inappropriate because Greene was misleading about his reasons for engaging in the criminal conduct. Additionally, over Greene's objection, the district court adjusted the offense level upward based on its finding that as a result of Greene's criminal activity and the fact that he fraudulently obtained a position as a physician's assistant, Greene put others at risk of serious bodily injury and abused a position of trust in a manner that aided the commission of the offenses. The district court further enhanced Greene's offense level based on its finding that Greene committed the offenses as part of a pattern of criminal conduct engaged in as a livelihood. These enhancements resulted in a total offense level of fifteen and a sentencing range of twenty-one to twenty-seven months in prison. The district court sentenced Greene to twenty-seven months of imprisonment followed by three years of supervised release. Greene timely filed a notice of appeal.

## II

Greene asserts the following issues on appeal:

(1) Whether the district court erred by not granting Greene a reduction for acceptance of responsibility;

(2) Whether the district court erroneously relied on information that failed to meet the minimum indicia of reliability and failed to make sufficient factual findings;

(3) Whether the district court erred in enhancing Greene's sentence for reckless risk of serious bodily injury;

(4) Whether the district court erred in enhancing Greene's sentence for abuse of a position of trust; and

(5) Whether the district court erred in enhancing Greene's sentence because he engaged in a pattern of criminal conduct as his livelihood.

Each of these issues will be addressed below.

## III

### A. ACCEPTANCE OF RESPONSIBILITY

■ Greene first argues that the district court erred by refusing to apply § 3E1.1 of the United States Sentencing Commission Guidelines to reduce his offense level. Section 3E1.1 provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels." U.S.S.G. § 3E1.1. A district court's determination on this issue is a finding of fact, which this court reviews for clear error. *United States v. Bonds,* 48 F.3d 184, 187 (6th Cir.1995). A district court's determination should receive "great deference." *Id.*

Greene argues that even though he admitted his criminal conduct, the district court denied him credit for acceptance of responsibility solely on the ground that he lied about the motivation for his crimes. According to the probation officer's report, Greene never admitted that he intentionally committed fraud or intentionally obtained money by false pretenses. Rather, Greene explained to the probation officer that he frequently changed identities, social security numbers, and employment because he feared his wife's abusive ex-husband who had threatened him. Greene further explained that he tried to escape the ex-husband by moving to different cities. Because he could be traced through his social security number, Greene maintained that he had no choice but to establish false identities. The probation officer rejected Greene's explanation because of his previous conviction for using false documentation to represent himself as a physician's assis-

tant in 1984—two years before he met his present wife. For this reason, the probation officer concluded that Greene had not demonstrated acceptance of responsibility. At the sentencing hearing, the district court accepted the probation officer's analysis and conclusion over Greene's objection and declined to apply § 3E1.1.

Greene argues that even if he lied about the motivation for his crimes, the district court erred in denying him an acceptance of responsibility reduction. Greene relies on *United States v. Gonzalez,* 16 F.3d 985, 991 (9th Cir.1993), in which the Ninth Circuit Court of Appeals held that a defendant's "lack of candor" about why he committed the crimes "should play no part in the district court's § 3E1.1 determination where the explanation was not made to avoid criminal liability." Greene argues that any lie he told in this case went only to his motivation and that he never attempted to avoid criminal liability.

■■■ This Court rejects the Ninth Circuit Court of Appeals' analysis in *Gonzalez.* A defendant's statements regarding his motivation are relevant in that they shed light on the sincerity of an asserted acceptance of responsibility. Where, as the district court found here, a defendant concocts a story that excuses his illegal conduct, a court may find no acceptance of responsibility. Even if the excuse is not a legal justification sufficient to negate criminal liability, it still might demonstrate the defendant's unwillingness to admit his culpability. In this case, the district court's decision to deny Greene's request for a reduction for acceptance of responsibility was not clearly erroneous.

## B. RELIABILITY OF INFORMATION USED AT SENTENCING AND FAILURE TO MAKE FACTUAL FINDINGS

■■■ Next, Greene argues that the district court erroneously relied on information that failed to meet the minimum indicia of reliability required by § 6A1.3(a) of the United States Sentencing Commission Guidelines, which provides:

When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

U.S.S.G. § 6A1.3(a). Since *United States v. Silverman,* 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc), *cert. denied,* 507 U.S. 990, 113 S.Ct. 1595, 123 L.Ed.2d 159 (1993), this court has set a relatively low hurdle. Before the district court may factor information into the sentencing calculus, it must bear some "minimum indicia of reliability." The district court's factual findings must be made based on a preponderance of the evidence standard. *United States v. Herrera,* 928 F.2d 769, 774 (6th Cir.1991). The district court's findings may be reviewed on appeal solely for clear error. *United States v. Ivery,* 999 F.2d 1043, 1045 (6th Cir.1993); *United States v. Carroll,* 893 F.2d 1502, 1506 (6th Cir.1990).

■■■ Greene argues that the district court relied on insufficient and unreliable information in support of the enhancements. However, the district court held a hearing, heard testimony from the probation officer and from the defendant himself, and used information in the presentence report to make its factual determinations. The district court also determined that portions of the presentence investigation report would not be considered by the court in imposing the sentence. As a result, the district court made sufficient factual findings under § 6A1.3(a) concerning the imposition of Greene's sentence.

■■■ Greene also argues that the district court violated Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure by failing to disclose the material upon which it relied to increase Greene's sentence. Rule 32(c)(3)(D), as amended, provides in pertinent part:

If the comments of the defendant and the defendant's counsel or testimony or other

information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

Fed.R.Crim.P. 32(c)(3)(D). In reviewing contentions of misapplication of the rule:

A defendant ... needs only to show that "(1) the allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing."

*United States v. Mandell,* 905 F.2d 970, 973 (6th Cir.1990) (citing *United States v. Eschweiler,* 782 F.2d 1385, 1389 (7th Cir.1986)).

■ Greene argues that the district court, when faced with allegations and evidence contrary to the presentence investigation report, merely deferred to the presentence investigation report. When Greene objected to the district court's categorical acceptance of the presentence investigation report, the district court stated that "whenever" the probation officer prepares a report based on FBI files, "the court's ruling is that it is sufficient for purposes of the presentence report." Here, however, the district court ruled that portions of the presentence investigation report would not be considered by the district court in imposing the sentence. As to the portions of the presentence investigation report actually relied upon by the district court, the district court made factual determinations based not only on the information in the presentence investigation report, but also on the testimony of the probation officer and Greene himself. Thus, the district court fully complied with the requirements of Rule 32(c)(3)(D).

## C. RISK OF SERIOUS BODILY INJURY

Greene argues that the district court erred by enhancing his base offense level pursuant to United States Sentencing Guideline § 2F1.1(b)(4), which provides that "[i]f the offense involved the conscious or reckless risk of serious bodily injury, increase by 2 levels...." U.S.S.G. § 2F1.1(b)(4). According to the district court, "it's just fair to assume and reasonably conclude that if a person holds himself out as a physician's assistant ... he represents a serious threat to the people that he might come in contact with." Greene contends that there is no factual basis for this conclusion.

■ Paragraphs 6 through 19 of the Presentence Investigation Report describe Greene's illegal activities. However, the district court specifically stated that it would not consider paragraphs 11 through 19 when sentencing. Of the remaining paragraphs, only paragraph 6 contains a description of Greene's activities as a bogus physician's assistant:

The defendant told CLINICAL SERVICES, INC. that he was licensed as a Physician's Assistant in the state of Arkansas and that he would arrange to have his license mailed to their office ... During the time he worked for CLINICAL SERVICES, INC., the defendant's duties included the diagnosis and treatment of geriatric psychiatric problems.

This conclusory paragraph was based on an FBI report that the defendant was not allowed to review. According to *United States v. McMeen,* 49 F.3d 225, 226 (6th Cir.1995), "[w]hen a contested sentencing enhancement factor appears in the probation report and is not proved by the government at the hearing, the court must insure that the factor is otherwise proved by reliable evidence before using it to increase the sentence." Because the district court failed to ensure that the FBI report was reliable or to require the government to come forward with other evidence in support of the enhancement, the enhancement for risk of serious bodily injury was inappropriate.

## D. ABUSE OF PUBLIC TRUST

■ Greene also argues that the district court erred in enhancing his base offense level for abuse of a position of trust or use of a special skill pursuant to United States Sentencing Guideline § 3B1.3. Section 3B1.3 provides that "[i]f the defendant abused a

position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. . . ." A "special skill" is defined by the application notes as "a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." U.S.S.G. § 3B1.3, comment (n. 2) (1995). "Public or private trust" is defined as "a position or public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference) . . . For this enhancement to apply, the position of trust must have contributed in some significant way to facilitating the commission or concealment of the offense. . . ." U.S.S.G. § 3B1.3, comment (n. 1).

According to the Presentence Investigation Report:

> Greene had various medical responsibilities which clearly involved a reckless possibility of serious bodily injury to numerous patients. These patients were at serious risk, since the defendant was not properly qualified to perform the various medical tasks which he was performing.

Based on this reasoning, the probation officer recommended enhancing Greene's sentence for abuse of a position of trust. However, as pointed out above, the district court did not rely on the background information used by the probation officer in reaching this conclusion. Thus, there is little factual basis for the conclusion that "the patients were at serious risk." Moreover, as Greene argues, his position, assuming it qualifies as sufficiently "professional" to be abused, played no role in contributing to the commission of the offense. Rather, the fraud for which he is charged was completed at the time he assumed the position and thus played no role in the commission of the crime. The district court erred in enhancing Greene's sentence for abuse of a position of trust.

**E. CRIMINAL LIVELIHOOD**

Finally, Greene argues that the district court erred in enhancing his base offense level pursuant to United States Sentencing Guideline § 4B1.3 because he "committed an offense as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G.

§ 4B1.3. According to the application notes, such a finding requires that the defendant commit criminal acts over a substantial period of time and that "(1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage; and (2) the totality of the circumstances shows that the criminal conduct was the defendant's primary occupation in that twelve month period." U.S.S.G. § 4B1.3, comment (n. 1–2).

This case clearly satisfies the "substantial period of time" requirement in that Greene had been falsely maintaining his credentials since 1984. Although Greene's jobs may have been obtained illegitimately through fraud, this criminal activity was not his primary occupation. Moreover, Greene's primary occupation, and his earnings, were from the positions that he held, not from the fraud itself. Thus, the district court erred in enhancing Greene's sentence for committing the offense as part of a pattern of criminal conduct engaged in as a livelihood.

**IV**

The district court's judgment is **affirmed in part** and **reversed in part.** This case is **remanded** to the district court for resentencing in conformity with this opinion.