**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**David Zef CUKAJ, Defendant–Appellant.**

No. 00–2498.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

## ORDER

David Zef Cukaj pleaded guilty to using interstate commerce facilities in the commission of a murder-for-hire. *See* 18 U.S.C. § 1958. It appears that this offense involved Cukaj's attempt to hire a hitman to murder an individual in Canada and his use of the mails to confirm the victim's identity. On December 1, 2000, Cukaj was sentenced to 120 months of imprisonment and three years of supervised release (entered 12/8/00). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Cukaj's current attorney has filed a motion to withdraw with a revised and corrected brief, which indicates that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Cukaj may wish to argue that a magistrate judge was not authorized to conduct his guilty plea hearing and that he was entitled to a reduced sentence for acceptance of responsibility. Cukaj has not filed a timely response to counsel's revised brief.

Counsel's first suggested argument lacks merit because Cukaj expressly consented to being rearraigned before a magistrate judge. *See United States v. Torres,* 258 F.3d 791, 794–96 (8th Cir.2001). Moreover, Cukaj did not file any objections to the magistrate judge's report, which recommended that his guilty plea be accepted. Thus, he has forfeited his right to raise this issue on appeal. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). We note, nonetheless, that the rearraignment transcript indicates that Cukaj's plea was valid and that the magistrate judge substantially complied with Fed.R.Crim.P. 11.

At sentencing, Cukaj argued that the presentence report contained references to his behavior in state prison that were not relevant. However, the district court properly found that these references were relevant to the background and context of his current offense. *See* Fed. R.Evid. 401. Cukaj also objected to the report insofar as it indicated that he was not entitled to an offense level reduction for acceptance of responsibility. *See* USSG § 3E1.1. The court's refusal to grant this reduction was not clearly erroneous because Cukaj gave conflicting ac-

counts of his actions and motivation regarding the offense and because he showed little concern for the people who were affected by his actions. *See United States v. Greene,* 71 F.3d 232, 234–35 (6th Cir.1995).

The attorney who represented Cukaj at sentencing also objected to the authentication of a videotape which purported to show injuries that Cukaj had inflicted upon his former wife. The district court acknowledged that the tape involved hearsay. However, the hearsay evidence was relevant to the background of the current offense, and it was not improper for the court to consider this evidence at sentencing. *See United States v. Bingham,* 81 F.3d 617, 635 (6th Cir.1996).

Cukaj did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential errors are apparent from the present record. Although Cukaj is Albanian, the district court determined that he was able to understand the proceedings without an interpreter. Furthermore, the 120–month sentence that Cukaj received was the maximum sentence authorized by statute, and it fell well below the otherwise applicable sentencing guideline range.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.