**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0630n.06

No. 10-2656

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jun 18, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CALVIN PAUL DERIDDER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, NORRIS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Calvin Paul DeRidder, a federal prisoner, appeals the sentence imposed following his 2010 guilty plea to a charge of receipt of child pornography.

The presentence report prepared in this case originally calculated a guidelines sentencing range of 235 to 240 months of imprisonment. The district court rejected a proposed five-level increase to the base offense level and recalculated the range at 135 to 168 months. At the sentencing hearing, DeRidder's counsel argued that the range was improperly calculated because DeRidder was not given a two-level decrease for acceptance of responsibility. He argued that the appropriate sentence in this case would be the statutory minimum of five years. The district court rejected DeRidder's arguments and sentenced him to 151 months of imprisonment, in the middle of the calculated guidelines range, to be followed by twenty years of supervised release.

On appeal, DeRidder argues that his sentence is procedurally and substantively unreasonable. We review the sentence imposed in a criminal case under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

DeRidder argues that his sentence is procedurally unreasonable because the district court improperly calculated the guidelines range when it refused to give him credit for acceptance of responsibility. A district court's determination regarding acceptance of responsibility is reviewed for clear error. *United States v. Angel*, 355 F.3d 462, 476 (6th Cir. 2004). In this case, the district court found DeRidder's statements that he was saving the child pornography to turn it over to law enforcement "laughable," noting that the number of images DeRidder possessed was the highest the court had seen, and therefore concluded that DeRidder was frivolously contesting his relevant conduct. We have held that statements regarding the motivation for criminal conduct shed light on the sincerity of a defendant's acceptance of responsibility, *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995), and that a defendant who is not forthcoming about his offense conduct is not entitled to an acceptance-of-responsibility reduction. *See United States v. Garcia*, 252 F.3d 838, 841-42 (6th Cir. 2001). Accordingly, we find no clear error in the district court's refusal to reduce DeRidder's sentence for acceptance of responsibility.

DeRidder also argues that his sentence is unreasonable because the district court failed to consider the relevant factors and failed to explain the sentence imposed. A district court's explanation of its sentencing decision is adequate where the appellate court is satisfied that the defendant's arguments were considered, *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011), *cert. denied,* 131 S. Ct. 3077 (2011), particularly where the sentence imposed is within the guidelines

range. *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). A within-guidelines sentence is presumptively reasonable. *United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007). Here, our review of the sentencing transcript satisfies us that the district court considered the pertinent sentencing factors and satisfactorily explained its sentencing decision. That the district court could have given DeRidder a lower sentence does not demonstrate an abuse of discretion. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008).

Accordingly, the district court's judgment is affirmed.