NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0169n.06

No. 12-3378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 13, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| RANDY WASHINGTON, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and GILMAN, Circuit Judges; FOWLKES, District Judge.[*]

PER CURIAM.  Randy Washington, Jr., appeals his thirty-seven-month sentence for counterfeiting.  As set forth below, we affirm.

Pursuant to a written plea agreement, Washington pleaded guilty to counterfeiting currency in violation of 18 U.S.C. § 471.  Washington's presentence report increased his base offense level by six levels for a loss amount of $33,100, and by three levels for his role as a manager or supervisor of the criminal activity.  *See* USSG §§ 2B1.1(b)(1)(D), 3B1.1(b).  At sentencing, the district court denied Washington's objections to these two increases and calculated the advisory Sentencing Guidelines range as thirty-seven to forty-six months of imprisonment based on a total offense level of seventeen and a criminal history category of IV.  After considering the parties' arguments and the

_____

[*]The Honorable John T. Fowlkes, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

factors under 18 U.S.C. § 3553(a), the district court sentenced Washington to thirty-seven months of imprisonment.

In his timely appeal, Washington asserts that the district court erred in attributing additional counterfeit notes to him based on inconsistent and insufficiently reliable evidence. We review the district court's factual findings as to the amount of loss for clear error and its methodology for calculating that loss de novo. *United States v. Warshak*, 631 F.3d 266, 328 (6th Cir. 2010). The district court must determine the amount of loss by a preponderance of the evidence. *United States v. McCarty*, 628 F.3d 284, 290 (6th Cir. 2010). In determining the amount of loss, the district court "need only make a reasonable estimate." USSG § 2B1.1 cmt. n.3(C).

The district court attributed to Washington a loss amount of $33,100—331 counterfeit $100 notes—resulting in a six-level increase under USSG § 2B1.1(b)(1)(D). Washington does not dispute the 163 counterfeit notes directly linked to him. Instead, he challenges the 168 counterfeit notes attributed to him through ink-and-paper-defect analysis. The Secret Service analyzed 133 counterfeit $100 notes (made from bleached genuine $5 notes) grouped into sixty different exhibits. Seventeen out of those sixty exhibits included notes with ink that was consistent with the ink from the Canon printer used by Washington. Secret Service Special Agent Ron Axt testified that the Canon printer was not a common printer for the type of counterfeiting done by Washington. The Secret Service ran the serial numbers from those seventeen exhibits through its counterfeit tracking database and found that other counterfeit notes with the same serial numbers had been passed, ultimately linking an additional 136 counterfeit notes to Washington through ink analysis.

Through paper-defect analysis, the Secret Service associated still other exhibits by the presence of the same reproducible defects and ran their serial numbers through the counterfeit-tracking database. Special Agent Axt testified that he excluded notes that were inconsistent geographically, but he attributed to Washington an additional thirty-two counterfeit notes that were passed within the Southern District of Ohio. Based on the evidence presented at sentencing, the district court did not clearly err in attributing to Washington an additional 168 counterfeit notes.

Washington contends that the district court relied on inconsistent and insufficiently reliable evidence. Many of the cases cited by Washington are inapposite because neither the Confrontation Clause, nor the Federal Rules of Evidence, apply at sentencing. *See United States v. Moncivais*, 492 F.3d 652, 658, 665 (6th Cir. 2007). The Sentencing Guidelines and due process require a minimum standard of reliability for the evidence admitted at sentencing. *Id*. at 658; *see also* USSG § 6A1.3(a). Washington has failed to demonstrate that Special Agent Axt's testimony, the counterfeit currency-analysis report, and other supporting exhibits failed to clear this "relatively low hurdle." *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995). Many of Washington's arguments appear to be based on a misunderstanding of the counterfeit currency-analysis report's findings and Special Agent Axt's conclusions and testimony based on that report.

Washington also asserts that the district court erred in holding him accountable as a manager or supervisor. We review the district court's factual findings as to an aggravating role enhancement for clear error. *United States v. Castilla-Lugo*, 699 F.3d 454, 459 & n.5 (6th Cir. 2012). The standard of review applied to the district court's legal conclusions is "somewhat unsettled." We have not addressed whether our review "should be deferential rather than de novo." *Id*. at 459.

Under either standard, however, the district court properly applied the three-level increase for Washington's role as a manager or supervisor.

Pursuant to USSG § 3B1.1(b), a defendant's offense level should be increased by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." In determining whether to apply the aggravating role enhancement and to what degree, courts should consider

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4. "A district court need not find each factor in order to warrant an enhancement." *Castilla-Lugo*, 699 F.3d at 460.

According to Special Agent Axt's testimony, Washington was the source of the counterfeit notes and provided those notes to three individuals. The three individuals bought merchandise with the counterfeit notes and, upon exiting a store, returned any change to Washington and gave the merchandise to Washington's co-defendant, Demetrius Robinson. The merchandise was returned at other store locations for cash. In light of this evidence, the district court properly found that Washington and Robinson "basically managed the other people" and applied the three-level enhancement. *See United States v. Gates*, 461 F.3d 703, 709 (6th Cir. 2006); *United States v. Kelly*, 204 F.3d 652, 657–58 (6th Cir. 2000).

The district court's judgment is affirmed.