NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  19a0003n.06

No. 18-1380

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 04, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ERIC LEON TUCKER, JR.,<br><br>    Defendant-Appellant. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |

BEFORE:    CLAY, COOK, and LARSEN, Circuit Judges.

**CLAY, Circuit Judge.**  Defendant Eric Tucker pleaded guilty to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and to possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A).  Defendant appeals the district court's judgment imposing a sentence of eighty-five months.  For the reasons set forth below, we **AFFIRM** the district court's judgment.

## BACKGROUND

On September 22, 2017, a criminal complaint was filed against Defendant.  A grand jury returned an indictment against Defendant on five counts.

Counts One and Two were drug- and firearm-related charges associated with an incident on July 12, 2017 at a residence in Kalamazoo, Michigan.  When officers arrived at the scene, Defendant was observed running into the residence, which was known as a residence where narcotics were used and sold.  Larry Rogers, the sole individual on the residence's lease, let officers

into the home and Defendant was observed quickly exiting a room in the back of the residence. Officers stopped Defendant and discovered an outstanding warrant for his arrest. Officers found 5.68 grams of cocaine base (crack cocaine) and a loaded .40 caliber Glock pistol in the room that Defendant had been observed exiting. Rogers informed police that he allowed Defendant to deal drugs out of his residence in exchange for a few rocks of crack cocaine per day.

Counts Three through Five were drug- and firearm-related charges associated with events that occurred between September 18 and 20, 2017. On September 18, officers responded to a call that shots had been fired and interviewed a minor victim who reported being shot at while in a vehicle. The victim identified Defendant as the shooter. On September 20, 2017, Defendant sold 0.15 gram of heroin to an undercover officer and was arrested. Officers found 0.6 gram of crack cocaine and 0.67 gram of methamphetamine on Defendant's person. Officers subsequently found a pistol in Defendant's car.

On November 27, 2017, Defendant pleaded guilty to Count Four of illegally distributing heroin in violation of 21 U.S.C. § 841(a)(1) and Count Five of possessing a firearm in furtherance of his illegal distribution of heroin in violation of 18 U.S.C. § 924(c)(1)(A); the other counts were dismissed.

A Presentence Investigation Report ("PSR") was prepared, which included the 5.68 grams of crack cocaine officers found on July 12, 2017 in calculating Defendant's guideline range on Count 4, resulting in a range of 15 to 21 months. Defendant objected to the 5.68 grams of crack cocaine being attributed to him, arguing that there was not sufficient evidence connecting him to the drugs and that his guideline range for Count 4 should have been 8 to 14 months.

A sentencing hearing was held where the parties disputed whether the 5.68 grams of crack cocaine was attributable to Defendant. Agent Theodore Westra of the Bureau of Alcohol,

Tobacco, Firearms & Explosives testified about the events of July 12, 2017, based on his review of police records. Westra testified to the events described above (which were also related in the PSR). Westra further testified that after Defendant was arrested and brought to jail, he was recorded telling someone over the phone, "I just had package. I just trying to hurry back with the package. So they found it. I think they ended up finding the little slide." (*Id.*, Page ID# 175–76.)[1] Westra testified that Rogers had also informed police that Defendant was the only person who had been in the room where the crack cocaine and pistol were found.

The district court held that the government had proved by a preponderance of the evidence that Defendant possessed the 5.68 grams of crack cocaine. The court based its holding on "common-sense inferences" arising from Westra's testimony about Rogers informing police that Defendant sold drugs at the house, Defendant being seen quickly entering the residence and then leaving the bedroom where the drugs were found, and the jail call in which Defendant alluded to a "package" and a "slide" that represented the crack cocaine and the pistol. (*Id.*, Page ID# 185–88.)

The district court sentenced Defendant to 15 months on Count 4 and 70 months on Count 5, for a total sentence of 85 months. Defendant timely appealed.

## DISCUSSION

### Standard of Review

"[W]hen facing a due-process challenge . . . to a district court's reliance on statements for the purposes of finding facts at sentencing, we review the district court's reliance on such

---

[1] Westra testified that "package" is used as slang for an amount of controlled substance and that "slide" is used as slang for a semiautomatic handgun.

statements—that is, its conclusion that those statements had sufficient indicia of reliability—for clear error." *United States v. Santana*, 723 F. App'x 331, 338 (6th Cir. 2018).

**Analysis**

Defendant's sole claim on appeal is that the district court erred in connecting Defendant with the crack cocaine found on July 12, 2017 for purposes of sentencing. Defendant argues that there was not sufficient evidence in the record to support a finding that Defendant possessed the crack cocaine and that the district court erred in relying on statements made by Rogers. We disagree.

The Guidelines state that a district court during sentencing "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." United States Sentencing Manual § 6A1.3(a). We have held that the Guidelines, as well as due process, require evidence presented at sentencing to be supported by at least "some minimum indicia of reliability." *United States v. Silverman*, 976 F.2d 1502, 1506 (6th Cir. 1992) (en banc). Accordingly, we have held that "hearsay is permissible at a sentencing hearing so long as it has some minimum indicia of reliability." *United States v. Darwich*, 337 F.3d 645, 656 (6th Cir. 2003). This Court has referred to the sufficient-indicia requirement as "a relatively low hurdle." *United States v. Moncivais*, 492 F.3d 652, 659 (6th Cir. 2007) (quoting *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995)).

Defendant argues that this hurdle has not been cleared with respect to Rogers' statements because Westra's testimony was "uncorroborated" and "reflects at least three levels of hearsay" since Rogers' statements were given to police, who prepared a written report, which was reviewed

by Westra. (Appellant's Br. 10–11.) Defendant also argues that "Rogers had a strong incentive to inculpate [Defendant]" in order to exculpate himself. (Appellant's Br. 12.)

Defendant is incorrect that Rogers' statements were uncorroborated. The district court properly noted two sources of corroboration for Rogers' statements connecting Defendant with the drugs: First, police upon arriving at the residence observed Defendant running into the residence, and subsequently observed him quickly walking out of the bedroom in which the drugs were found. These furtive, evasive actions are consistent with trying to hide contraband. Second, Defendant was recorded on the day of the arrest making statements connecting himself to a "package" (drugs) and a "slide" (pistol) and stating that "they found" these items. (*Id.*, Page ID# 175–76.) These statements can reasonably be read as Defendant admitting that the crack cocaine and pistol that the police found in the bedroom belonged to him.

Together, this evidence sufficiently corroborates Rogers' statements that Defendant dealt drugs out of the residence and that the crack cocaine found in the bedroom belonged to him. The hearsay testimony presented therefore clears the "relatively low hurdle" of bearing some minimum indicia of reliability. *Moncivais*, 492 F.3d at 659 (quoting *Greene*, 71 F.3d at 235). Thus, the district court did not clearly err in relying on this testimony to find that the crack cocaine belonged to Defendant.

For the reasons stated above, this Court **AFFIRMS** the district court's judgment.