NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0533n.06

No. 21-1280

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 22, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| ANTHONY DWAYNE WILLIAMS, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: MOORE, GRIFFIN, and MURPHY, Circuit Judges.

GRIFFIN, Circuit Judge.

After an evidentiary hearing, the district court revoked Defendant Anthony Williams's supervised release. Williams appeals, arguing that the court relied on improper hearsay and violated his right to confront adverse witnesses. We disagree and affirm.

I.

As Williams drove through Grand Rapids, Michigan one snowy morning, he became distracted and rear-ended another car. This accident, which would have been only an annoying fender-bender for most people, was a big problem for Williams: he was on supervised release for a federal felon-in-possession conviction and had marijuana, drug-dealing paraphernalia, and ammunition in his car. If law enforcement caught him with these items, he could be sent back to prison for violating the terms of his supervised release.

Knowing this, Williams grabbed the backpack that held his contraband and took off running. The driver of the other car saw him leave and called 911 to report a hit-and-run. Roughly fifteen minutes later, police officers arrived at the scene. By then, however, Williams had returned to his car—without his backpack. The other driver told the police about Williams's jaunt and officers tracked his footprints through the fresh snow to a nearby wooded area. There, they found his backpack with the contraband still inside. Given the illegal items, his felon status, and that he had left the scene of an accident, the officers arrested Williams.

Based on this incident, federal prosecutors asked the district court to revoke Williams's supervised release, arguing that he had violated its conditions by committing new offenses and possessing drugs and ammunition. At a revocation hearing, the officers testified about what they did and saw that day, and the government admitted a police report and body-camera footage. The driver of the other car did not testify, but the police report and body-camera footage included his statements to the police. Williams objected to the admission of the driver's statements, arguing that they were hearsay and that he was "entitled to confront any adverse witness." The district court overruled this objection. At the end of the hearing, the district court found that Williams had committed the alleged violations, revoked his supervised release, and sent him back to prison. Williams now appeals, arguing that the district court improperly admitted evidence of the driver's statements.

## II.

We review the district court's admission of the driver's statements for an abuse of discretion. *United States v. Trevino*, 7 F.4th 414, 423 (6th Cir. 2021). Williams argues that this

evidence is hearsay and that its admission violated his right to "confront and cross examine" the driver.

Black-letter law largely forecloses Williams's arguments. Because revocation proceedings are "more flexible" than criminal trials, neither the ban on hearsay nor the constitutional right to confront adverse witnesses applies. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (hearsay); *United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir. 2005) (confrontation of adverse witnesses). And although Federal Rule of Criminal Procedure 32.1(b)(2)(C) allows defendants to "question any adverse witness" at a revocation hearing, we have held that this rule does not require hearsay declarants to appear and submit to cross-examination. *See United States v. Waters*, 158 F.3d 933, 940 (6th Cir. 1998); *see also United States v. Lewis*, 790 F. App'x 702, 706–07 (6th Cir. 2019). Thus, Williams's conclusory hearsay and confrontation arguments fail.

Williams is left with only one route to challenge the district court's admission of the driver's statements. To be admissible in a revocation hearing, hearsay must be "reliable." *Stephenson*, 928 F.2d at 732. This means that the hearsay must have "some minimal indicium of reliability beyond mere allegation." *United States v. Silverman*, 976 F.2d 1502, 1512–13 (6th Cir. 1992) (en banc) (citations omitted).

Williams never questioned the reliability of the driver's statements below. If he questions it now, he does so in one sentence, where he asserts that the driver was inconsistent about how many vehicles were involved in the accident. He fails to explain how this alleged inconsistency casts doubt on the reliability of the driver's statements regarding Williams's behavior after the accident. His failure to fully develop a reliability argument means that he has abandoned any challenge to this issue. *United States v. Calvetti*, 836 F.3d 654, 662 n.1 (6th Cir. 2016).

In any event, the driver's statements had the necessary indicia of reliability. Williams matched the description of the person reported to police for fleeing the accident, there were footprints in the fresh snow leading to the woods, his shoes matched these prints, and his shoes and pants were wet when officers arrived on the scene (as if he had just trekked through snow). Because of this corroboration, the driver's report of Williams fleeing to the woods with a backpack, and returning without it, clears the "relatively low hurdle" for hearsay reliability in revocation proceedings. *See United States v. Rodriguez*, 797 F. App'x 933, 938 (6th Cir. 2019) (quoting *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995)). Thus, the district court did not err in admitting this evidence.

## III.

For these reasons, we affirm the district court's judgment.